Ulis E. JONES and Phyllis
K. Jones, Petitioners,

v.

UNITED STATES of America,
Respondent.

No. LR–C–91–773.

United States District Court,
E.D. Arkansas, W.D.

Feb. 4, 1992.

Douglas W. Coy, Little Rock, Ark., for petitioners.

Charles A. Banks, U.S. Atty., Little Rock, Ark., for U.S.

## ORDER DISMISSING PETITION

SUSAN WEBBER WRIGHT, District Judge.

Petitioners ask the Court to quash three Internal Revenue Service summonses. The three summonses were issued to various banks for the purpose of comparing bank records to the personal records of petitioners for the tax years 1987, 1988, and 1989. For the reasons discussed below, the petition will be denied.

Petitioners claim that the Internal Revenue Service seeks to use its civil summons power for the purpose of uncovering information to be used in criminal proceedings. Consequently, petitioners claim, the IRS issued the summonses here in bad faith with the purpose, *inter alia,* of violating petitioners' Fourth and Fifth Amendment rights under the United States Constitution. Petitioners cite *United States v. La-*

*Salle,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), in support of their petition claiming the summonses should be quashed.

Petitioners' grounds to quash the summonses are insufficient. Petitioners claim that an IRS agent has determined that he will recommend a criminal prosecution involving petitioners' tax returns for the relevant tax years. Assuming, *arguendo,* for petitioners' benefit that it is still valid, *LaSalle* does not give petitioners any grounds to quash the summonses here. The *LaSalle* Court held that complainants could only quash an IRS summons by showing that the matter had been referred to the Department of Justice for a criminal prosecution. "Only at that point do civil and criminal aspects of a tax fraud case begin to diverge." *LaSalle,* 437 U.S. at 311, 98 S.Ct. at 2365. The mere assertion of a criminal aspect to the investigation by the investigating agent was not a sufficient basis to quash the summonses in *LaSalle.*

The *LaSalle* Court stated:

In this case, respondents submit that such a departure [from a mixed civil and criminal fraud investigation into a purely criminal investigation] did indeed occur because [the IRS investigating agent] was interested only in gathering evidence for a criminal prosecution. We disagree. The institutional responsibility of the Service to calculate and to collect civil fraud penalties and fraudulently reported or unreported taxes is not necessarily overturned by a single agent who attempts to build a criminal case. The review process over and above his conclusions is multilayered and thorough. Apart from the control of his immediate supervisor, the agent's final recommendation is reviewed by the district chief of the Intelligence Division, 26 C.F.R. §§ 601.107(b) and (c) (1977).... The Office of Regional Counsel also reviews the case before it is forwarded to the National Office of the Service or to the Justice Department.... If the Regional Counsel and the Assistant Regional Commissioner for Intelligence disagree about the disposition of a case, another complete

review occurs at the national level centered in the Criminal Tax Division of the Office of General Counsel.... Only after the officials of at least two layers of review have concurred in the conclusion of the special agent does the referral to the Department of Justice take place. At any of the various stages, the Service can abandon the criminal prosecution, can decided instead to assert a civil penalty, or can pursue both goals. While the special agent is an important actor in the process, his motivation is hardly dispositive....

... Furthermore, the inquiry into the criminal enforcement objectives of the agent would delay summons enforcement proceedings while the parties clash over, and judges grapple with, the thought processes of each investigator.... This obviously is undesirable and unrewarding. As a result, the question whether an investigation has solely criminal purposes must be answered only by an examination of the institutional posture of the IRS. Contrary to the assertions of respondents, this means that those opposing enforcement of a summons do bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service....

*LaSalle,* 437 U.S. at 314–16, 98 S.Ct. at 2366–67.

■■■ The Court finds that there is not a sufficient factual basis in the petition to merit petitioners' conclusion that the IRS has referred the matter to the Department of Justice for the commencement of criminal proceedings. Such a finding is required in order to quash a summons. 26 U.S.C. § 7602(c); *LaSalle,* 437 U.S. at 314–16, 98 S.Ct. at 2366–67; *see also, Lowery and Lowery v. Miller, Carr, Roden [IRS Agents] and the United States, slip op., LR–MC–90–143,* 1991 WL 53235 *(E.D.Ark. Feb. 15, 1991) (petition to quash summonses denied for failure to show Justice Department Referral in effect),* appeal dismissed, *slip op., No. 91–1669EALR (8th Cir. May 3, 1991).* Petitioners' contention that an IRS agent has determined to pursue a criminal investigation is not alone

sufficient grounds on which to quash the summonses.

■■■ Moreover, petitioners' reliance on *LaSalle* is misplaced. The courts have virtually unanimously held that the Supreme Court's holding in *LaSalle* has been superseded by the 1982 recodification of the Internal Revenue statutes. *See, e.g., United States v. Millman,* 822 F.2d 305 (2d Cir. 1987); *United States v. Cahill,* 920 F.2d 421 (7th Cir.1990). This Court agrees.

The Second Circuit succinctly explained the matter this way:

... At one time, the Internal Revenue Code allowed IRS summonses to be enforced only when the purpose of the investigation was to determine potential civil tax liability; courts then uniformly held that 26 U.S.C. § 7602 did not authorize the issuance of an IRS summons "for the improper purpose of obtaining evidence for use in a criminal prosecution," *Reisman v. Caplin,* 375 U.S. 440, 449 [84 S.Ct. 508, 513, 11 L.Ed.2d 459] (1964); *LaSalle National Bank,* 437 U.S. at 316 [98 S.Ct. at 2367]. ... In 1982, however, congress [sic] amended § 7602 to permit the issuance of a summons for "the purpose of inquiring into any *offense* connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b) (emphasis added [in *Millman* ]).

*Millman,* 822 F.2d at 308.

The Court concludes, as a matter of law, that the IRS may simultaneously pursue civil and criminal investigations of the petitioners prior to referring the matter to the Department of Justice. Congress contemplated dual civil and criminal investigations such as the instant investigation when it revised the statute, 26 U.S.C. § 7602. The Supreme Court has held that such investigations do not violate petitioners' constitutional rights. *LaSalle,* 437 U.S. at 316 [98 S.Ct. at 2367].

IT IS THEREFORE ORDERED that petitioners' petition to quash three Internal Revenue Service summonses be, and it is hereby, DENIED.

IT IS FURTHER ORDERED that the case be, and it is hereby, DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.